## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

In re Application of

ZURU LLC and ZURU INC.,



                              Petitioners.
--------------------------------------------------------X

Misc. Case No:

**APPLICATION FOR THE ISSUANCE OF A SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM PURSUANT TO 35 U.S.C. § 24 TO THE NEW YORK TIMES COMPANY**

## APPLICATION FOR THE ISSUANCE OF A SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM PURSUANT TO 35 U.S.C. § 24 TO THE NEW YORK TIMES COMPANY

Zuru LLC and Zuru Inc. (collectively, "Zuru") hereby apply pursuant to 35 U.S.C. § 24 for the issuance of (1) a Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises, and (2) a Subpoena to Testify at a Deposition (collectively, the "Subpoenas"), both directed to The New York Times Company (the "New York Times"). Zuru's proposed Subpoenas are attached hereto as Exhibits A and B, respectively. The purpose of both subpoenas is to obtain discoverable information in connection with a trademark cancellation proceeding currently pending before the United States Trademark Trial and Appeal Board ("TTAB") titled *Zuru LLC and Zuru Inc. v. Lego Juris A/S*, Cancellation No. 92075254 (the "Cancellation Proceeding").

In support of this Application, Zuru represents as follows:

1.     Zuru Inc. is a family-owned toy and consumer products company founded in Cambridge, New Zealand in 2004.

2.     Zuru LLC is a subsidiary of Zuru Inc.

{N5788668}

3.      Zuru is one of the fastest growing toy companies in the world and a competitor of the Lego Group.

4.      One of Zuru's product lines is the MAX Build More. The MAX Build More products consist of building blocks (*i.e.*, legos) that are used to construct toy houses, buildings, vehicles and other objects and are currently sold by Zuru LLC in the United States.

5.      On September 1, 2020, Zuru initiated the Cancellation Proceedings by filing a Petition for Cancellation in the TTAB seeking cancellation of U.S. Trademark Registration Nos. 1,018,875 (the "'875 Registration") and 2,245,652 (the "'652 Registration") on the basis that the term "lego" has become generic for all or a portion of the goods in those Registration. A copy of Zuru's Petition for Cancellation is attached hereto as Exhibit C.

6.      Zuru alleges that over time, the toy building blocks and/or toy construction blocks and connecting links for the same, associated with the '875 and '652 Registrations, have acquired such market dominance and mind share that the primary meaning of the term "lego" and its plural form "legos" is no longer the source of the product, but instead is the product itself. Indeed, those terms have widely been used to identify construction toy products in a generic way by consumers, in entertainment, by the media, in dictionaries, on the Internet, and elsewhere. *See* Exhibit C.

7.      Accordingly, Zuru contends the relevant public primarily uses and understands the terms "lego" and "legos" to refer to the genus of the goods claimed in the '875 and '652 Registrations, and that Zuru and others in the toy industry have a present and prospective right to use the terms "lego" and "legos" to describe the products they are selling.

8.      Zuru, therefore, is requesting that the TTAB cancel the '875 and '652 registrations. *See* 15 U.S.C. § 1064(3) (providing that a petition to cancel may be filed at any

time if the registered mark becomes the generic name for the goods or services, or a portion thereof); *id* § 1067(a) (providing that the TTAB shall determine and decide the respective rights of registration in every application to cancel the registration of a mark).

9.  Importantly, ZURU is entitled to pursue third-party discovery in connection with the Cancellation Proceedings.

10.  Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases set forth in Part 2 of Title 37 of the Code of Federal Regulations. *See* 35 U.S.C. § 23 (granting the Director of the Patent and Trademark Office ("PTO") the authority to "establish rules for taking affidavits and depositions required in cases in the [PTO]."). Under the PTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of *inter partes* proceedings, such as the Cancellation Proceedings, *see* 37 C.F.R. § 2.116(a), including discovery and the taking of depositions, *see* 37 C.F.R. § 2.120(a).

11.  Nevertheless, the TTAB lacks the authority to compel witnesses through the subpoena power in *inter partes* proceedings. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 443-44 (4th Cir. 2007). Accordingly, Congress granted federal district courts subpoena authority under 35 U.S.C. § 24 to command the appearance of witnesses in administrative proceedings before the PTO:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24.

12.      A party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. § 24 with or without a deposition. *Id.*; *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1163, 1167 (10th Cir. 2016).

13.      The Cancellation Proceedings are indisputably a "contested case in the Patent and Trademark Office." The term "contested case," as used in 35 U.S.C. § 24 means "a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013). The PTO has provided for the taking of depositions for use in the Cancellation Proceedings. *See* 37 C.F.R. 2.120(b) ("The deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree in writing. The responsibility rests wholly with the party taking discovery to secure the attendance of a proposed deponent other than a party or anyone who, at the time set for taking of the deposition, is an officer, director, or managing agent of a party, *or a person designated under Rule 30(b)(6)* . . . of the Federal Rules of Civil Procedure.  (See 35 U.S.C. § 24).") (emphasis added).

14.      A "witness" as used in the statute, is not limited to natural persons and allows the court to reach corporations and other juristic persons. *Rosenruist-Gestao*, 511 F.3d at 444-46 ("We agree with VEL that the 'witness' is not limited only to natural persons. The PTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the 'person' named in the subpoenas as the deponent. *See* 37 C.F.R. §§ 2.120(b), 2.124(b)(2). Nothing in the text of 35 U.S.C.A. § 24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently."); *see generally El Encanto, Inc.*, 825 F.3d 1161 (permitting subpoena duces tecum issued pursuant to 35 U.S.C. § 24 directed toward corporation).

15.     This Application is proper pursuant to 35 U.S.C. § 24 and the Subpoenas should be issued for the following reasons.

16.     *First*, the Subpoenas seek information that is within the reasonable scope of discovery in the Cancellation Proceedings. In particular, the Subpoenas seek evidence of the generic use of the terms "lego" and "legos" in the widely circulated New York Times Crossword Puzzle. *See* Exhibit 1 to Exhibit A. This evidence is highly relevant to Zuru's claim that term "lego" in the '875 and '652 Registrations has become generic for the goods or services and that the registrations should be cancelled. Moreover, this highly relevant evidence cannot be obtained from elsewhere.

17.     *Second*, the Subpoenas meet all the statutory requirements for issuance under 35 U.S.C. § 24. Because The New York Times Company is within this district, having its place of business at 620 Eighth Avenue, New York, NY 10018, the Application seeks issuance of the Subpoenas from this district and the Subpoenas require compliance within this district.

18.     *Third*, and finally, Zuru will comply with all applicable provisions of Federal Rule of Civil Procedure 45. Zuru will give notice to all parties in the Cancellation Proceedings prior to serving the Subpoenas, and Zuru will tender the required fees and traveling expenses required upon service of the Subpoenas.

## CONCLUSION

In sum, this Court has the statutory authority to issue the Subpoenas in connection with the Cancellation Proceedings. The Subpoenas seek highly relevant evidence, are narrowly tailored, and in all other respects comply with all applicable requirement of 35 U.S.C. § 24 and the Federal Rules of Civil Procedure. Accordingly, the Court should grant this Application and

enter an order requiring the clerk to issue the attached Subpoenas pursuant to 35 U.S.C. § 24.  A

proposed order is filed herewith for the Court's consideration.

Respectfully submitted,

Date: August 25, 2021

CARMODY TORRANCE SANDAK &
HENNESSEY LLP

By:

John R. Horvack, Jr. (JH8991)
Fatima Lahnin (FL0701)
Damian K. Gunningsmith (DG0125)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street, 18th Floor
New Haven, CT  06509
Tel: 203-777-5501
Fax: 203-784-3199
jhorvackjr@carmodylaw.com
flahnin@carmodylaw.com
dgunningsmith@carmodylaw.com